† BUCK *versus* SPOFFORD & *al.*, *Executors.*

If one tenant in common, by his agreement with a *party* having a claim against the owners of the common property, assumes the sole liability, and thereby his co-tenants are discharged by the *party*, on the principle of novation, his right to recover their proportion from his co-tenants is limited to six years from the time they were discharged from the original claim, although he did not in fact *pay* it at that time.

But if such arrangement between the tenant and claimant did not operate to discharge his co-tenants from liability to the *party* holding the claim, the payment of such claim by *one* tenant in common, *after* the statute bar has attached, will not authorize *him* to recover any part of it from his co-tenants.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

ASSUMPSIT, to recover for money paid for the use of Daniel Spofford.

This suit was commenced against Daniel Spofford, who has deceased, and his executors now defend.

The writ was dated Jan. 8, 1851, to which was pleaded the general issue and the statute of limitations.

Plaintiff and Spofford were tenants in common of two-thirds of a grist-mill and appurtenances, with other owners of the remaining third.

In 1838, one Chase repaired the mill to the amount of $63,18, which he charged to "owners of grist-mill."

In September, 1843, Chase told plaintiff he would wait no longer, as his demand was getting outlawed, and threatened a suit. The plaintiff told him to charge the same to him, which he did, balancing the account against the "owners of grist-mill, on his book thus:— Sept. 19, 1843, by charged to M. G. Buck, $63,18."

This account, with the interest thereon, the plaintiff settled and paid on Feb. 28, 1846, and claims one-third of defendant.

If the action is maintainable and not barred by the statute of limitations, the plaintiff to have judgment; otherwise, to become nonsuit.

*Woodman,* for defendants.

*Hinckley,* for plaintiff, contended that no liabilities were changed by the book transaction — *that* all the parties were liable afterwards as before — *that* the promise prevented the statute bar from attaching at the time of that arrangement, and the payment being made before the statute attached, the defendants were liable, being called upon within six years from such payment, and that the case fell within the principle of *Crosby* v. *Wyatt,* 23 Maine, 156, and *Odell* v. *Dana,* 33 Maine, 182.

APPLETON, J. — The plaintiff and the original defendant were tenants in common of a grist-mill, toward the repairing of which, one William G. Chase had, during the year 1838, performed labor and furnished materials, which he had charged the owners of the grist-mill. In 1843, Chase made and presented his bill to the plaintiff, telling him it would soon be outlawed and requesting a settlement, which was made

by balancing the account against "the owners of the mill" thus:—"September 19, 1843, by charged to M. G. Buck, $63,18," which amount the plaintiff settled and paid on Feb. 28, 1846, and on Jan. 8, 1851, brought this action to recover of the defendant's testator his proportion of the sum thus paid. To the maintenance of this suit the defendants interpose the statute of limitations.

The debt was credited the mill owners and charged the plaintiff on Sept. 19, 1843. It was held in *Lyeth* v. *Ault,* 7 Exch. 669, that the acceptance by a creditor of the sole and separate liability of one of two or more *joint* debtors, is a good consideration for an agreement to discharge all the other debtors from liability. If this is regarded as an extinguishment of the debt then existing against the owners of the mill and the substitution instead thereof, of the sole liability of the defendant, like the novation of the civil law, the right of action on the part of the plaintiff must be regarded as then accruing, and the statute of limitations would constitute a perfect bar. *Thompson* v. *Percival,* 5 Barn. & Ald. 925; *Hart* v. *Alexander,* 2 Mees. & Wels. 484.

If no settlement took place on Sept. 19, and the debt still remained subsisting against the owners of the mill, then the debt was barred by the statute when payment was made on Feb. 28, 1846. If the debt was at that time barred, the plaintiff could not revive the debt against his co-tenant and impose upon him obligations from which by the provisions of the statute he had been exonerated. Such a position would be alike against the express language of the statute and its well settled construction. R. S., c. 146, § 24; *True* v. *Andrews,* 35 Maine, 183; *Pierce* v. *Tobey,* 5 Met. 168.

It is immaterial at which time the plaintiff is to be regarded as having paid the debt, the defendant's proportion of which he seeks to recover in this action, as in either event he must fail in his suit.    *Plaintiff nonsuit.*